**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2840-23

IN THE MATTER OF
FRANK JAMES, ESSEX
COUNTY, DEPARTMENT
OF CORRECTIONS.

_____

Argued September 16, 2025 – Decided October 20, 2025

Before Judges Gilson and Firko.

On appeal from the New Jersey Civil Service Commission, Docket No. 2024-415.

Luretha M. Stribling argued the cause for appellant Frank James.

Jennifer A. Cacchioli, Assistant County Counsel, argued the cause for respondent Essex County Department of Corrections (Jerome M. St. John, Essex County Counsel, attorney; Jennifer A. Cacchioli, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent New Jersey Civil Service Commission (Brian D. Ragunan, Deputy Attorney General, on the statement in lieu of brief).

PER CURIAM

Frank James appeals from an April 10, 2024 final agency decision by the Civil Service Commission (the Commission). The Commission denied James' request for adjustments to a back pay award that James received in 2022, when he was reinstated to his position as an Essex County correctional police officer. The Commission determined that James' request for pay-step adjustments was not timely and, even if it had been timely, the Commission lacked jurisdiction over the issue because it was a salary dispute. Additionally, the Commission ruled that it did not have jurisdiction to consider James' request for an adjustment to account for the tax consequences of a lump sum payment and to change how his pension contributions were being withheld. Having reviewed the record and the applicable law, we discern nothing arbitrary, capricious, or unreasonable in the Commission's decision and, therefore, we affirm the decision.

I.

This appeal arises out of an earlier administrative proceeding concerning James' removal and subsequent reinstatement to his position as a county correctional officer. We discern the facts and procedural history from the administrative record provided to us on this appeal.

2

James is a correctional officer for the Essex County Department of Corrections (the Department). In March 2020, the Department served James with a preliminary notice of disciplinary action, charging him with: incompetency, inefficiency, or failure to perform duties; conduct unbecoming of a public employee; neglect of duty; and other sufficient cause. The Department suspended James without pay and sought to permanently remove him from his position.

James waived his right to a departmental hearing. Thus, on February 26, 2021, the Department issued a final notice of disciplinary action and removed James from his position as a correctional officer, effective March 9, 2020.

In March 2021, James administratively appealed his termination to the Commission, and the matter was transferred to the Office of Administrative Law for a contested hearing. Following the hearing, an Administrative Law Judge (ALJ) found that the Department had not proven the charges against James and ordered the Department to reinstate him to his position.

On June 20, 2022, following a supplemental hearing before the ALJ, the Commission adopted the findings of facts and conclusions made by the ALJ. Accordingly, the Commission directed the Department to reinstate James to his position and give him "back pay, benefits, [and] seniority from the first day of

3

separation to the actual day of reinstatement." The Commission also awarded James counsel fees for the administrative appeal.

Additionally, the Commission directed James and the Department to "make good faith efforts to resolve any disputes as to the amount of back pay or counsel fees." Furthermore, the Commission informed the parties that any dispute concerning back pay or counsel fees had to be raised with the Commission "in writing . . . within [sixty] days of issuance of this decision." The Commission's decision concluded: "In the absence of [the sixty-day written notice], the Commission will assume that all outstanding issues have been amicably resolved by the parties and this decision shall become a final administrative determination pursuant to [Rule] 2:2-3(a)(2)."

James was reinstated as a correctional officer on July 28, 2022. Thus, the back pay period was from March 9, 2020 through July 27, 2022. On November 10, 2022, the Department paid James $198,617.00 in back pay.

Nine months later, on August 10, 2023, James filed a letter with the Commission requesting that it direct the Department to adjust his back pay award. Specifically, James asked the Commission to direct the Department to (1) increase his back pay award to account for two pay-step salary increases that James claims he should have received on September 1, 2018 and September 1,

2022; (2) adjust his back pay award to account for taxes that had been taken out of the lump sum payment; (3) take his pension payments from his biweekly salary rather than as a lump sum repayment; and (4) award him additional attorneys' fees for this new appeal.

The Commission allowed the parties to submit documents and written arguments on James' request for adjustments. Thereafter, on April 10, 2024, the Commission issued its final agency decision denying James' request to adjust his back pay award.

The Commission first addressed James' request for pay-step increases. The Commission found the request was untimely because James was seeking pay-step increases that took effect on September 1, 2018 and September 1, 2022, but he first raised the claim with the Commission in August 2023. The Commission, therefore, concluded that the pay-step issue was raised outside the time for an appeal to the Commission. In support of that ruling, the Commission cited N.J.A.C. 4A:2-1.1(b).

Alternatively, the Commission ruled that even if James had raised the pay-step issue timely, it lacked jurisdiction to address the claim. In that regard, the Commission explained that the pay-step issue was a salary dispute and did not directly relate to the back pay award it had granted on June 20, 2022.

A-2840-23

Addressing James' tax and pension claims, the Commission ruled it lacked jurisdiction to grant James relief. It explained that it had no authority to award damages for alleged adverse tax consequences and it did not have jurisdiction to address pension payment issues. Given those rulings, the Commission also denied James' request for additional attorneys' fees related to his adjustment request.

II.

James now appeals from the Commission's April 10, 2024 final agency decision. He contends that the Commission erred in (1) denying his request for pay-step increases as part of his back pay award; (2) not addressing the tax consequences of the lump sum payment; and (3) not addressing the way pension payments were being withheld.

An appellate court's review of an administrative agency's final decision is limited. Seago v. Bd. of Trs., Tchrs.' Pension & Annuity Fund, 257 N.J. 381, 391 (2024) (citing Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018)). An agency decision will not be reversed unless that decision is "arbitrary, capricious, or unreasonable" or "not supported by substantial credible evidence in the record as a whole." In re Ambroise, 258 N.J. 180, 197 (2024) (quoting In re Stallworth, 208 N.J. 182, 194 (2011)). In

6

making those determinations, a court will examine: "(1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law; (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion." Ibid. (citing In re Carter, 191 N.J. 474, 482 (2007)). An appellate court, however, reviews de novo an agency's interpretation of a statute or law. In re Proposed Constr. of Compressor Station (CS327), 258 N.J. 312, 234 (2024).

A.     The Pay-Step Increases.

James argues that he was entitled to pay-step salary increases as part of the back pay award the Commission granted in its final agency decision issued on June 20, 2022. We discern nothing arbitrary, capricious, or unreasonable in the Commission's determination that the issue was not timely raised and the issue was a salary dispute rather than a back pay dispute.

In its June 20, 2022 final agency decision, the Commission expressly informed James that any dispute concerning the back pay award had to be raised with the Commission in writing within sixty days of June 20, 2022. The record establishes that James first raised the pay-step dispute with the Commission in

August 2023. Accordingly, that issue was time-barred. See N.J.A.C. 4A:2-1.1(b) (explaining that any appeal to the Commission "must be filed within twenty days after either the appellant has notice or should reasonably have known of the decision, situation, or action being appealed").[1]

James argues that Essex County's delay in carrying out the order prevented him from making a timely filing. The record does not support this argument. James' communications with Essex County to resolve his back pay issue concluded in November 2022.

Even if the issue was not time-barred, the pay-step claim is not part of the back pay award. Normally, salary increases that occur when a government employee is suspended and then reinstated would be included. See N.J.A.C. 4A:2-2.10(d) (stating that "[b]ack pay shall include unpaid salary, including regular wages, overlap shift time, increments[,] and across-the-board adjustments"); N.J.A.C. 4A:2-2.10(g)(1) (explaining that the Commission's review includes consideration of "increments and across-the-board adjustments that the employee would have received during the separation period"); N.J.A.C.

---

[1] We note that the regulatory limitation period was expanded to sixty days during the COVID-19 pandemic but thereafter was amended back to twenty days.

17:1-2.18 (interpreting back pay to include "normal salary increases" for the purpose of calculating pension benefits following successful appeal of employee termination). However, only pay-step increases occurring during the employee's period of suspension will be considered for back pay. N.J.A.C. 4A:2-2.10(e) ("[A]n award of back pay, benefits[,] and seniority shall be calculated from the effective date of the appointing authority's improper action to the date of the employee's actual reinstatement to the payroll").

In this situation, James is seeking pay-step increases that became effective on September 1, 2018 and September 1, 2022. Those pay-step increases were not during the time that James was suspended from his position. His suspension covered the period from March 9, 2020 through July 27, 2022. Thus, the first salary increase was before his suspension.[2] The second pay-step increase was in effect on September 1, 2022, after James had been reinstated to his position. Consequently, there is nothing arbitrary, capricious, or unreasonable in the Commission's determination that the pay-step increases were not related to the back pay award and instead were salary disputes.

---

[2] We note that there are references in the record that James had been previously suspended for other disciplinary charges. Any prior suspensions of James are not before us and were not before the Commission as it relates to the Commission's decisions issued on June 20, 2022 or April 10, 2024.

B.     The Tax Consequences.

James contends that his back pay was substantially reduced by taxes because taxes were taken based on the lump sum payment he received.  In that regard, he contends that the overall tax consequences resulted in a fifty-seven percent reduction of the award.

Initially, we note there is no support in the record for the contention that taxes reduced the award by fifty-seven percent.  James cited a letter his prior counsel sent, but that letter does not explain how the fifty-seven percent was calculated, nor does it attach supporting documents showing the lump sum payment was reduced by fifty-seven percent.

In terms of the substance, we discern nothing arbitrary, capricious, or unreasonable in the Commission's determination that it lacked jurisdiction to address tax consequences arising from a lump sum payment.  James cited no law to support his claim that the Commission has jurisdiction to address tax consequences of a back pay award.

James cites two cases, Eschelman v. Agere Sys., 554 F.3d 426, 440 (3rd Cir. 2009) and Sears v. Atchison, Topeka & Santa Fe Ry., Co., 749 F.2d 1451, 1456 (10th Cir. 1984), to support his proposition that he was entitled to equitable relief in the form of prejudgment interest or compensatory damages.  These

A-2840-23

cases do not address whether the Commission has jurisdiction over adverse tax consequences and are otherwise inapplicable because they involve awards for anti-discrimination claims.

C.    The Pension Payment.

Finally, James argues that the Department is not properly withholding his pension payments for the repayment amount, requiring him to pay into the pension fund directly at a higher rate.  James acknowledges that he withdrew his pension contribution after he was terminated, effective March 9, 2020.  He now argues the repayment of that part of his pension contribution should not be based on his current salary; rather it should be based on the salary that he was receiving when those pension contributions were initially made.

The Commission concluded that it lacked jurisdiction to address this issue and referred James to the Division of Pensions and Benefits.  Disputes involving pension credit related to back pay awards are typically handled by the Division of Pensions and Benefits.  See Welsh v. Bd. of Trs., 443 N.J. Super. 367, 374-75 (2016) (appeal of Division of Pensions' denial to merge pension accounts following employee's suspension period and back repayment award, citing N.J.A.C. 17:1-2.18 for application of pension credit).  We discern nothing

arbitrary, capricious, or unreasonable in the Commission's determination that it did not have jurisdiction over this pension issue.

In summary, having considered James' arguments on this appeal, we reject them and affirm the Commission's final agency decision on April 10, 2024.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2840-23